UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD COURTEMANCHE,

        Plaintiff,

                                          Case No. 1:06-cv-218

v.                                        HON. ROBERT HOLMES BELL

ROBIN ROYSTER, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff prisoner Richard Courtemanche, confined at the Muskegon Correctional Facility, filed this 42 U.S.C. § 1983 civil rights action against defendants Dr. Robin Royster, Dr. William Nelson, Dr. Jerome Wisneski, Spitters, Mary Berghuis, Judy Gracik, Mike Whalen, Greg Ribesky, Mike Wilkinson, Theresa Murphy, Renee VanHouten, Veronica Wysozan, C. Burdette, s. Griffin, Brenda Belanger, Michigan Department of Corrections and Correctional Medical Services (CMS).  Plaintiff's claims involve his alleged failure to receive adequate medical care.  Defendant CMS moves to dismiss the complaint for failure to state a claim against defendant CMS.

        Presently before the Court is defendant CMS's Motion to Dismiss (docket #19), pursuant to Fed. R. Civ. P. 12(b)(6), for failure to demonstrate exhaustion of administrative remedies.  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief."  *Conley v. Gibson*,

355 U.S. 41, 45-46 (1957).  The court must construe the complaint in the light most favorable to plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations.  *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47).  The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts.  *Mayer*, 355 U.S. at 638.  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *Delorean*, 991 F.2d at 1240.  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Defendant CMS argues that the complaint should be dismissed against them because plaintiff has failed to plead that a CMS policy violated plaintiff's constitutional rights.  In *Starcher v. Correctional Medical Services*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001), the Sixth Circuit held that CMS could not be held vicariously liable for the actions of its agents on a respondeat superior basis.  Rather, CMS's liability must be premised on some policy that caused a deprivation of the plaintiff's Eighth Amendment rights. *Starcher v. Correctional Medical Services*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001).  Plaintiff argues that despite not properly pleading a claim against defendant CMS, his claim should not be dismissed because he has asserted an Eighth Amendment violation against defendant CMS and defendant CMS is, at the very least, responsible for supervising its employees.  Moreover, plaintiff argues that he should be allowed to proceed at least to the summary judgment or trial phase before this claim is dismissed.  Plaintiff has no right to proceed any

further on this claim if it cannot even exist at the pleading stage.  Plaintiff has set forth no CMS policy in his complaint that caused a violation of his rights.  Nor has plaintiff stated that a CMS policy exists that could have violated his rights.

Plaintiff filed a motion for a temporary restraining order and for a preliminary injunction.  Plaintiff requests that the court order all persons "complained of" to be restricting from participating in plaintiff's medical care, and that all employees of the MDOC and CMS shall be restricted from denying him medical care.  Plaintiff further requests immediate transport to an independent medical facility for purposes of evaluation and diagnosis.  Alternatively, plaintiff asks to be immediately taken into federal custody.  Plaintiff alleges that he suffers from a number of medical issues and believes that he may have suffered a stroke.  Plaintiff believes that he has a brain tumor or abscess that causes his worsening condition.   Plaintiff believes that the MDOC health employees are incapable of diagnosing his condition.  The issuance of preliminary injunctive relief is committed to the discretion of the district court.  *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987).  In exercising that discretion, the court must consider and balance four factors:

> 1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2.  Whether the movant has shown irreparable injury.
>
> 3.  Whether the preliminary injunction could harm third parties.
>
> 4.   Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff has not established a substantial likelihood of success on his claim that defendants have acted with deliberate indifference to his medical needs. While plaintiff has alleged he suffers with medical problems, plaintiff has not established that defendants have acted with deliberate indifference to a serious medical need. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Accordingly, it is recommended that defendant CMS's motion to dismiss (docket #19) be granted, dismissing defendant CMS from this action.  It is further recommended that the court deny plaintiff's motion for injunctive relief (docket #4).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 13, 2006