UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD COURTEMANCHE,

    Plaintiff,

                                               Case No. 1:06-cv-218
v.                                          HON. ROBERT HOLMES BELL

ROBIN ROYSTER, et al.,

    Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on September 13, 2006. The Report and Recommendation was duly served on the parties. The Court has received objections from the plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Plaintiff has sued the private corporation Correctional Medical Services. However, plaintiff has failed to set forth a CMS policy that allegedly violated his rights. Plaintiff argues that he did not need to set forth a policy to establish CMS's liability in this action. The Sixth Circuit regarding the imposition of liability on CMS stated:

> Similarly, CMS although clearly a state actor and therefore a proper party to this § 1983 action, see *Street v. Corrections Corp. of Am.*, 102 F.3d 810 (1996), cannot be held vicariously liable for the actions of its agents . . . on a respondeat superior basis (noting that "every

> circuit to consider the issue has extended the holding [of *Monell*] to private corporations as well"). Hence, CMS's liability must also be premised on some policy that caused a deprivation of Starcher's Eighth Amendment rights.

*Starcher v. Correctional Medical Services*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). Plaintiff argues that he is not attempting to sue defendant CMS on a respondeat superior theory. In order to sue a private corporation such as CMS under a 42 U.S.C. § 1983, plaintiff must show that one of the corporation's policies caused a violation of the plaintiff's constitutional rights. *Id*. Certainly, plaintiff could sue CMS for wrongdoing in this matter. However, plaintiff has to show that CMS did something wrong. Plaintiff has failed to assert such a claim. Since plaintiff has not set forth any policy which allegedly violated his rights, plaintiff cannot successfully sue CMS. Further, plaintiff is not entitled to injunctive relief.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

IT IS FURTHER ORDERED that defendant CMS's motion to dismiss (Docket #19) is GRANTED and defendant CMS is DISMISSED from this action.

FINALLY, IT IS ORDERED that plaintiff's motion for injunctive relief (Docket #4) is DENIED.


Date:   October 24, 2006                /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE